UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RODNEY MONTEL SPARKAS, | No. C 14-0664 LB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | [Re: ECF No. 17] |
| DEPARTMENT OF CORRECTION (CDCR); et al., | |
| Defendants. | |

Rodney Montel Sparkas filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 complaining about medical care provided to him in 2009.  The court dismissed the complaint with leave to amend. ECF No. 13.  Mr. Sparkas then filed an amended complaint, ECF No. 17, which is now before the court for review under 28 U.S.C. § 1915A.

In his original complaint, Mr. Sparkas alleged that he was assaulted by unnamed persons at Pelican Bay State Prison on January 15, 2009, and was flown to Renown Medical Center in Reno, Nevada that night for surgical repair of his broken jaw.  According to hospital notes attached to the complaint, Dr. Merle Bruce operated on Sparkas on January 17, 2009 and performed an "[o]pen reduction and internal fixation" of the mandibular fractures. ECF No. 12 at 10.  Mr. Sparkas further alleged that, about three weeks after the surgery by Dr. Bruce, prison doctors sent him to an outside doctor in Eureka, California, for x-rays when the swelling had not decreased.  He further alleged that the outside doctor performed reconstructive surgery to repair the broken jaw on March 2, 2009

1  because he had developed a malunion of the bones in his jaw after the first surgery.

2  Upon initial review, the court dismissed the CDCR as a defendant and dismissed with leave to
3  amend the Eighth Amendment claim against Dr. Bruce.  The court determined that the complaint
4  adequately identified a serious medical need for treatment for a broken jaw but failed to allege that
5  the doctor responded to that need with deliberate indifference.  ECF No. 13 at 4-5.  The court
6  described the deliberate indifference standard, explained that the lack of success in the surgery did
7  not amount to deliberate indifference, and gave Mr. Sparkas leave to file an amended complaint to
8  "attempt to allege facts showing that Dr. Bruce was not only "'aware of facts from which the
9  inference could be drawn that a substantial risk of serious harm exist[ed]'" for Sparkas, but also drew
10 that inference."  *Id.* at 5 (quoting *Farmer v.* Brennan, 511 U.S. 825, 837 (1994).

11 Mr. Sparkas did not cure this deficiency in his amended complaint.  His amended complaint
12 essentially repeats the allegations of the original complaint and adds no new allegations that suggest
13 that Dr. Bruce acted with deliberate indifference to a serious medical need.  The amended complaint
14 fails to state a claim upon which relief may be granted for a violation of Mr. Sparkas' Eighth
15 Amendment rights.  Mr. Sparkas alleges that Dr. Bruce acted negligently, *see* ECF No. 17 at 5, but
16 the court already had explained that negligence was not actionable under § 1983 in the prison
17 context, *see* ECF No. 13 at 4.  Further leave to amend will not be granted because it would be futile:
18 the court has explained what Mr. Sparkas needed to do to allege a claim and he was unable to do so.
19 (If Mr. Sparkas wants to pursue a negligence claim against Dr. Bruce, the appropriate court in which
20 to do so would be a Nevada state court.  This only identifies the proper court, and is not an opinion
21 about the merits or timeliness of such a claim.)

22 For the foregoing reasons, this action is dismissed for failure to state a claim upon which relief
23 may be granted.  The dismissal of this action is without prejudice to Mr. Sparkas filing an action in
24 state court to pursue any negligence or other state law claims he may have.   The clerk shall close the
25 file.

26 **IT IS SO ORDERED.**

27 Dated: August 21, 2014

28  _____
    LAUREL BEELER
    United States Magistrate Judge

C 14-0664 LB
ORDER                                      2